## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GUADALUPE BETANCOURT,      )
                                   )
          **Plaintiff,**        )
                                   )
**v.**                              )     **Case No. 09-1082-KMH**
                                 )
**SH HOSPITALITY LLC,**     )
                                 )
          **Defendant.**      )
                                 )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a "final judgment enforcing the parties' settlement agreement." (Doc. 47).[1] Specifically, plaintiff asserts that the parties settled this case but that defendant has neither signed the settlement agreement nor paid the agreed settlement amount. For the reasons set forth below, the motion shall be GRANTED.

### Background

This lawsuit is based on the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12181 et seq. Highly summarized, plaintiff asserts that she is an individual with disabilities and that defendant SH Hospitality LLC owns and operates a motel known as the Garden Inn

---

[1] The parties consented to the jurisdiction of the undersigned judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 11).

& Suites in Wichita, Kansas.  Plaintiff alleges that she visited defendant's facility and encountered architectural barriers in violation of the ADA and related regulations.

SH Hospitality was served with the complaint on April 6, 2009 and retained the services of David Calvert, a Wichita attorney experienced in handling ADA cases.  Mr. Calvert filed an answer on defendant's behalf (Doc. 5) and a scheduling order was entered in the case (Doc. 10).  For reasons unexplained, SH Hospitality advised Mr. Calvert that his services were "no longer required" and Mr. Calvert's motion to formally withdraw was granted.  (Doc. 15).  Defendant was admonished that the deadlines in the scheduling order remained in effect and that substitute counsel "should enter his/her appearance as soon as possible."  (Doc. 15, p. 2).

Because no attorney entered an appearance on behalf of SH Hospitality and defendant did not comply with the scheduling order deadlines, a show cause order was issued directing defendant to explain in writing why sanctions, up to and including a default judgment, should not be imposed.  (Doc. 16).  Plaintiff also filed an amended motion for default judgment, setting out in detail the injunctive relief requested.  (Doc. 19).  Faced with a show cause order and motion for default judgment, defendant retained the services of Donald N. Peterson, II, a Wichita attorney.

Mr. Peterson entered his appearance and filed responses to the show cause order and motion for default judgment.  (Doc. 20, 21, & 22).  With respect to the show cause order, SH Hospitality argued that it was not indifferent to the court order but had difficulty retaining counsel in Wichita.  With respect to the motion for default, SH Hospitality argued that it had

retained an expert to advise it concerning the requested modifications to the building.  Based on defense counsel's representations that SH Hospitality would comply with court imposed deadlines, the motion for default judgment was denied and discovery resumed.

### Plaintiff's Motion to Enforce Settlement

During the course of this lawsuit SH Hospitality apparently made modifications to correct certain ADA deficiencies with its Wichita facility.  On August 16, 2010, the parties mediated before United States Magistrate Judge James P. O'Hara.  Judge O'Hara entered a text order confirming that the parties ***did*** reach a settlement and that defense counsel would draft the settlement agreement and stipulation of dismissal.  (Doc. 41).  However, SH Hospitality did not execute the settlement agreement and sent Mr. Peterson a December 6, 2010 facsimile stating: "we can no longer afford your services and do not want you to represent us going forward starting today."

Mr. Peterson moved to withdraw pursuant to SH Hospitality's instructions (Doc. 45) and plaintiff then moved to enforce the settlement agreement (Doc. 47).[2]  No timely response was filed to the motion to enforce the settlement agreement and the court issued a second show cause order to SH Hospitality.  The show cause order directed SH Hospitality to file a written response with the clerk of the court explaining why the motion should not be granted.  SH Hospitality was admonished that ***failure to comply with the show cause order***

---

[2]

Mr. Peterson's motion (Doc. 45) and renewed motion to withdraw (Doc. 50) were granted.  (Doc. 52 & 53).

***could result in the entry of judgment without further notice.***  (Doc. 48).

Chandulal Dhanani, an individual with an unspecified interest in SH Hospitality LLC, submitted a letter on defendant's behalf opposing plaintiff's motion (Doc. 49).  However, the well established rule is that a corporation or other business entity can only appear in court through an attorney and not through a non-attorney.  Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001).  Because Mr. Dhanani is not an attorney, the response filed on behalf of SH Hospitality to the motion to show cause (Doc. 49) must be stricken.[3]

With respect to the merits of plaintiff's motion, "a trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."  Shoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004)(quoting United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993).  Judge O'Hara mediated this case on August 16, 2010 and entered a minute order confirming that the parties ***did*** reach a settlement.  (Doc. 41).  SH Hospitality's attorney confirmed in an August 17, 2010 email message to plaintiff that the case had settled with defendant's agreement to pay a total of $10,000 in two installments.  On August 18, 2010, SH Hospitality submitted a draft settlement agreement to plaintiff which plaintiff executed on September 8, 2010.  The court is satisfied from the evidence that SH Hospitality agreed to settle the case and plaintiff's

---

[3]

Mr. Dhanani has requested several times to speak directly with the undersigned judge concerning the merits of plaintiff's case.  A request to speak with a judge concerning the merits of the case without the presence of opposing counsel is improper. Moreover, as explained in this opinion, a non-attorney is not permitted to represent a corporation or business entity in court.  SH Hospitality LLC must retain an attorney in order to appear in court and/or file documents in the case.

motion to enforce that settlement agreement shall be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to enforce the settlement agreement (**Doc. 47**) is **GRANTED** and judgment shall be entered in favor of plaintiff against SH Hospitality LLC in the amount of $10,000.  The case is administratively closed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 6th day of September 2011.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge